## Ujevich v. City of Clairton

*Lloyd H. Fuge,* for plaintiff.
*Edward P. Zemprelli,* for defendant city.

DOYLE, *J.,* December 30, 1988 — The parties admit that (1) plaintiff is a resident of defendant, a city of the third class in the Commonwealth of Pennsylvania; (2) plaintiff was the chief of police of defendant until he retired effective October 1, 1985; (3) at retirement, certain sums of money were owed by defendant to plaintiff under the terms of his employment contract with defendant viz, unused vacation pay, unused sick leave pay, longevity pay, cost of living adjusted pay, clothing allowance moneys, all totalling $17,189.87; and (4) payment of said monies was made by defendant to plaintiff on May 1, 1986.

Plaintiff claims that he is entitled to recover the cited sums of money under the "Wage Payment and Collection Law" (WPC Law), 43 P.S. §260.1 et seq. Plaintiff asserts that said monies were due by defendant and payable to plaintiff no later than 60 days after the date he retired (October 1, 1985), viz, no later than December 1, 1985. Plaintiff demands

interest (one and one-half percent per month) for five months ($429.75) plus liquidated damages calculated at 25 percent of the sum due ($4,297.47), plus reasonable attorneys fees of $250, all under sections 260.9a and 260.10 of the WPC Law.

Defendant asserts that it is not an "employer" within the meaning of that term as defined in section 260.2(a) of the WPC Law. We find that defendant is not a "person" within that section, nor within the Statutory Construction Act of 1972, 1 Pa.C.S. §1991 (Definitions). Cf. *Bey v. Brown*, 133 P.L.J. 365 (1985). We also find that the word "corporation" is not defined in the WPC Law but that, in 1 Pa.C.S. §1991, however, "municipal corporation" is *separately* defined. Nor will the definitions in 15 Pa.C.S. §101 et seq. (The General Association Act of 1988) (Act 1988-177) apply; that act relating to, inter alia, private corporation for profit and not for profit.

*Gingrich v. City of Lebanon*, 9 Lebanon Leg. J. 335, cited by plaintiff, relies on the Statutory Construction Act of 1937 (46 P.S. §501). That act has been repealed and replaced by 1 Pa.S.C. §1501 et seq. We hold that "person" does not include a municipal corporation; ergo, "person" in the WPC Act does not apply to defendant. The common and approved usage of the word "person" does not include "corporation(s)" of any type. The common and approved usage of the word "corporation" does not include "municipal corporation" (1 Pa.C.S. §1903). The definition of "corporation or similar entity" in Pa.R.C.P. §2176 does not aid plaintiff; that is a rule of *procedure* — totally immaterial to this case — which does not apply to the substantive statutory matter involved instantly.

The WPC Law was created to assist employees engaged in private enterprise to collect wages and

other moneys treated as wages from their private employers. The WPC Law forces employers to pay; it implements its provisions by providing a collection procedure administered by the Department of Labor & Industry — an instrumentality of the commonwealth government — to aid in the collection process and also to assert the claim of the unpaid employee as assignee of his rights. The entire act is structured as a legal device to permit employees to sue *private* employers for wages, etc. (plus penalties) or to assign such right to sue the Department of Labor & Industry. Clearly, the act was not meant to apply to municipal corporations such as defendant.

If, for example, the WPC Law were applied to the commonwealth, could the attorney general demand imposition of criminal penalties (as recited in the constitutional title of the WPC Law) against the Department of State (e.g.) which in a dispute with one of its employees, adamantly refused to pay such employee for earned vacation time? Clearly, the language of the WPC Law does not support plaintiff's position.

These conclusions are also forced by the fact that when using "employer" in similar statutes, these similar statutes apply to municipal corporations, *only,* where municipal corporations are specifically included in the definition of "Employer", e.g., Minimum Wage Act (43 P.S. §333.101), Occupational Disease Act (77 P.S. §1203); Workers Compensation Act (77 Pa.S. §21); Unemployment Compensation Act (43 Pa.S. §753).

If the act on which plaintiff relies is applicable to plaintiff's case, then plaintiff should have been paid by defendant not later than December 1, 1985. He waited until almost six months (November 25, 1986) *after* he was paid (May 1, 1986) to bring his

suit. The WPC Law was intended to aid employees who, at the time suit was commenced, had not been paid — not to form the basis for litigation against employers who *have already paid* their employees.

An appropriate order will be entered.

## ORDER OF COURT

And now, December 30, 1988, we find in favor of defendant and against plaintiff.